UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) No. SACR 08 - 00156 |
|---|---|
| Plaintiff, | ) <u>I N F O R M A T I O N</u> |
| v. | ) [18 U.S.C. § 1001: False Statement] |
| HENRY SAMUELI, | ) |
| Defendant. | ) |

The United States Attorney charges:

[18 U.S.C. § 1001]

1. At all times relevant to this Information, Broadcom Corporation ("Broadcom") was a corporation organized under the laws of the State of California, with its headquarters in Irvine, California, within the Central District of California. Broadcom's common stock was listed and publicly traded on the NASDAQ National Market under the symbol "BRCM."

2. At all times relevant to this Information, defendant Dr. Henry Samueli ("DR. SAMUELI") was Broadcom's Chief Technical Officer ("CTO") and a Broadcom corporate officer governed by Section 16 of the Securities Exchange Act of 1934 (a "Section 16 officer").

3.   In or around 1998, Broadcom's board of directors and shareholders approved Broadcom's 1998 stock option plan ("the stock option plan"). The stock option plan authorized two separate committees of Broadcom's board of directors to grant stock options. One committee, known as the Compensation Committee, had "sole and exclusive authority" to grant options to Broadcom's Section 16 officers, and was required to be composed of two independent non-employee directors. The other committee, known as the Option Committee, was responsible for granting options to all Broadcom employees who were not Section 16 officers.

4.   At all times relevant to this Information, DR. SAMUELI was a member of Broadcom's Option Committee. At all times relevant to this Information, DR. SAMUELI was not a member of Broadcom's Compensation Committee and had no authority to grant options to Broadcom's Section 16 officers.

5.   On or about May 25, 2007, within the Central District of California, in connection with an investigation regarding Broadcom's options granting process, DR. SAMUELI appeared for deposition before the staff of the Securities and Exchange Commission (the "SEC"), an agency of the executive branch of the United States government. In that deposition, in response to questioning by SEC staff, DR. SAMUELI testified as follows:

> Q   **Were you in any way involved in the process of grants to Section 16 Officers?**
>
> A   **I was not involved in the actual granting process**, but Mr. Nicholas would make me aware of the amount of the grants that he was going to give to his

>  direct reports, the Section 16 Officers. So, I was aware of the number, **but I wasn't involved in the process.**

(Emphasis added).

6. As DR. SAMUELI knew at the time, his statement to the SEC staff on May 25, 2007, as quoted above, was false in that, on or about January 3, 2002, and on or about January 22, 2002, he had been involved in the process of granting options to Broadcom's Section 16 officers, including, in particular, in the process of determining that Broadcom should "go with the 10/19 price" for options to be granted to Broadcom's Section 16 officers.

7. DR. SAMUELI's false testimony to the SEC staff on May 25, 2007, as quoted above, was material to the SEC's decisions and actions in connection with its investigation of Broadcom's options granting process in that it had the capacity to influence those decisions and actions.

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_/s/ Robb C. Adkins_
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Office