```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                          SOUTHERN DIVISION

 4          THE HON. CORMAC J. CARNEY, JUDGE PRESIDING

 5

 6   UNITED STATES OF AMERICA,       )
                                     )
 7                    Plaintiff,     )
                                     )
 8          vs.                      )  NO. SACR 08-00156-CJC
                                     )
 9   HENRY SAMUELI,                  )
                      Defendant.     )
10   _____)

11

12

13             REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                     SANTA ANA, CALIFORNIA

15                   MONDAY, SEPTEMBER 8, 2008

16

17

18

19

20              Maria Beesley-Dellaneve, CSR 9132
        Official Federal Reporter
21      Ronald Reagan Federal Building
        411 W. 4th Street, Room 1-053
22      Santa Ana, CA  92701
        (714) 564-9259
23

24

25
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF:    THOMAS P. O'BRIEN
                           UNITED STATES ATTORNEY
 3                         BY:  ROBB ADKINS
                           AND GREG STAPLES
 4                         ASSISTANT UNITED STATES ATTORNEY
                           411 W. 4TH STREET, 8TH FLOOR
 5                         SANTA ANA, CALIFORNIA 92701

 6

 7

 8

 9
     FOR THE DEFENDANT:    MCDERMOTT WILL & EMERY
10                         By:  GORDON GREENBERG, ESQ.
                           HOYT SZE, ESQ.
11                         2049 CENTURY PARK EAST, SUITE 3800
                           LOS ANGELES, CALIFORNIA 90067-3218
12                         (310) 551-9398

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           SANTA ANA, CALIFORNIA; MONDAY, SEPTEMBER 8, 2008

2                              10:00

3           THE CLERK:  Item one, SACR 08-00156-CJC.  USA versus
4  Henry Samueli.

5           Counsel, please state your appearances for the record.

6           MR. ADKINS:  Good morning, Your Honor.  Robb Adkins and
7  Greg Staples on behalf of the United States.

8           THE COURT:  Good morning, gentlemen.

9           MR. GREENBERG:  Good morning, Your Honor.  Gordon
10 Greenberg and Hoyt Sze on behalf of Dr. Samueli.

11          THE COURT:  Good morning, gentlemen.  Michelle gave you
12 my tentative.  Hopefully it's clear in my tentative what my
13 thoughts are, but particularly I want to reemphasize or reiterate
14 that I took no joy or satisfaction out of reaching my tentative
15 conclusion.

16          And I also want to emphasize that I realize that the
17 allegations that were made might not be true in that Dr. Samueli
18 might have a complete defense to these charges, but the charges or
19 the allegations were made by a government lawyer, not by a
20 disgruntled shareholder or a disgruntled employee.  And in light
21 of those allegations, that's what I'm struggling with.  And I just
22 can't get past them.

23          Obviously, I have had my opportunity to share with you
24 what my thoughts were.  I'm interested to hear what your thoughts
25 are.

1        Mr. Adkins, shall I start with you, sir?

2        MR. ADKINS:  Sure, Your Honor.  And, Your Honor, it's a
3   lengthy tentative that the Court has prepared.  It's obvious from
4   having read briefly the tentative that the Court has considered
5   the parties' papers they filed in this case.

6        Obviously, the decision on resolution, particularly in a
7   case, complex case such as this one, is an office decision; one
8   that spurns more memos than I would like to count in terms of how
9   to resolve cases such as this.

10       In light of that and in light of the Court's tentative
11  which, frankly, I think the parties would like to look at a little
12  bit more, what the government would propose, Your Honor, is that
13  the parties consider the tentative, talk with each other to see
14  if, in light of tentative, that being the order of the Court,
15  whether defendant Samueli would withdraw, or whether continued
16  discussions and/or whether continued discussions would lead to
17  possible other resolutions in this case.

18       It seems more fruitful to do that at this time.  And
19  what I would propose to the Court would be given that we have
20  extensively briefed this case prior to this proceeding, would be
21  to allow a time period of perhaps two weeks -- the parties'
22  scheduled are such that it couldn't be sooner than that -- to
23  absorb this; to take into account the Court's concerns, and to see
24  if there is another way to remedy the case.  And if not, to allow
25  time for withdrawal and for the government to go forward in

*MARIA BEESLEY-DELLANEVE, OFFICIAL REPORTER*

1   whichever way it seems fit.
2           THE COURT:  I understand.
3           Mr. Greenberg, what are your thoughts, sir?
4           MR. GREENBERG:  I share Mr. Adkins' view that we should
5   have, if possible, Your Honor additional time to go through your
6   extensive tentative, think a little bit about it.  I think that
7   it's obvious from everyone's perspective that we're -- and the
8   parties thought that they had reached a just resolution of it, and
9   obviously the Court is seeking the same thing.  So we're all
10  operating in good faith in trying to accomplish that goal.  There
11  are issues that I see that I have to preserve from a legal
12  standpoint too, that I would like an opportunity to think about
13  there, because particularly as Your Honor mentioned, consideration
14  of whether it's an indictment that's outstanding or an S.E.C.
15  complaint that is outstanding and the basis to reject a plea,
16  review those legal issues and possibly present them to the Court,
17  too, in another manner to consider whether that is, in terms of
18  the whole pantheon here, a proper method in which to review the
19  facts here.
20          We obviously have some issues with regard to what
21  transpired as Your Honor stepped out and initially presented to
22  all of us that you are not saying that you are presuming that
23  Dr. Samueli is guilty, and I understand that, Your Honor.  And
24  that you are attempting to receive a just resolution.  The parties
25  felt that they had accomplished that in the process and were

1   attempting to do the same.  We would like an opportunity to really
2   thoroughly analyze this and come back to you in a couple weeks and
3   come up with, one way or the other, are we done, are we through,
4   or do we have anything else here.
5           THE COURT:  That makes sense to me.  I'm totally open to
6   as much time as you need.  Let me share a couple more thoughts
7   that might be helpful.  I know I'm not supposed to, and I will not
8   get involved in any plea negotiations, but I think in fairness to
9   Dr. Samueli I want him to understand where I'm coming from.  I
10  wouldn't feel comfortable sentencing him if it was all my call
11  right now, because I agree with the position that you said in your
12  papers, that I can't rely on allegations to sentence somebody.  I
13  agree with that.
14          But I think my inquiry under rule 11C1C is different.
15  It's a different vehicle.  I have to look at the interest of
16  justice.  And if I were going to have complete discretion on what
17  the sentence should be, I wouldn't feel comfortable relying on
18  allegations, even allegations made by a government lawyer.
19          So if Dr. Samueli decides, "I'm going to leave my plea
20  in place," although I would be open for discussion, my strong
21  preference would be to defer any sentencing until after I see what
22  happens with Dr. Nicholas and Mr. Ruehle.  Now, they may be
23  acquitted.  They may defeat those charges.  Then the proposed
24  sentence, probationary sentence is more than reasonable, more than
25  fair, in my opinion.

1          If you have any questions, I would be more than willing
2   to field them, but I do want to emphasize, I agree with the
3   position you said in your papers that you can't sentence
4   Dr. Samueli based on allegations.  It has to be evidence.  And
5   usually it's evidence that either he has admitted to or evidence
6   that a jury has found beyond a reasonable doubt.  And I don't have
7   that.  But I don't feel my inquiry or my job in this case is the
8   same as when I'm sentencing someone.
9          I don't know if that's helpful or it was obvious, but
10  just so I understand where I'm coming from.  So I'm more than
11  willing to give you as much time as you want, because I prefer not
12  to conduct any type of evidentiary hearing.  I want the criminal
13  case against Dr. Nicholas and Mr. Ruehle to go forward.  And then
14  once I have that evidence, then maybe I can understand better in
15  context what the false statement was and the significance of it.
16         MR. GREENBERG:  Understood, Your Honor.  I have nothing
17  further to add, Your Honor.
18         MR. ADKINS:  The only thing I would add, Your Honor, is
19  that the reason that I think the parties are in need to resolve
20  this quickly one way or the other, is there is, of course, always
21  the possibility that the United States would need to supercede to
22  add Dr. Samueli as is indicated in the indictment.  I'm not
23  suggesting that's what is going to happen at all.  But that has to
24  do with the timing because we're very cognizant of that other
25  trial date as well, Your Honor.

```
 1            So we will work very hard to see if there is, in fact, a
 2   resolution, taking into account the Court's concerns, and we
 3   should be able to reach some type of determination within a few
 4   weeks.
 5            THE COURT:  Very well.  So I will then make my order the
 6   final order and then we'll get back together, did you say -- how
 7   much time do you need?
 8            MR. GREENBERG:  If I may suggest, Your Honor, three
 9   weeks.  I'm stuck going out of town to drop my first daughter off
10   at college.  If I could have a couple weeks, that would be great.
11            THE COURT:  Michelle, what is three weeks from today's
12   date?  September 29.  You want to do it 10:00 o'clock again?
13            MR. ADKINS:  Fine with the government.
14            MR. GREENBERG:  Fine, Your Honor.
15            THE COURT:  September 29 at 10:00 o'clock.  I assume,
16   Mr. Greenberg, then I don't have to give Dr. Samueli my advisement
17   on what his rights are at this point.  I can do that on the 29?
18            MR. GREENBERG:  That is correct, Your Honor.
19            THE COURT:  All right.
20                  (Whereupon the proceedings were adjourned.)
21
22
23
24
25
```

*MARIA BEESLEY-DELLANEVE, OFFICIAL REPORTER*

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter.

Date:  September 9, 2008

_____
MARIA DELLANEVE, U.S. COURT REPORTER
CSR NO. 9132